■   NOMURA (AMERICA) CORP., Respondent, v. AL BURNS, INC., Appellant. — Judgment entered February 7, 1964, after trial by the court without a jury, reversed, on the facts, and a new trial ordered with $50 costs and disbursements to abide the event. The action is for goods sold and delivered. The factual issue is whether the goods were delivered. It appears that defendant corporation was a wholesale dealer in shoes and made frequent purchases from the plaintiff. Al Burns, for whom the corporation was named, was the principal stockholder and personally conducted all the affairs of the corporation. He died shortly

after the suit was instituted. Transactions between the parties ran as high as $120,000 a month, involving a great many individual sales. Plaintiff concedes that Burns' reputation in the industry was of the very highest. At one time early in 1961, 10 invoices for goods sold to defendant by plaintiff were unpaid. Plaintiff sent its salesman, a Mr. Horn, to see Burns. Burns stated that not all the goods represented by the invoices had been delivered and that he would pay any invoice for which he had receipted delivery of the goods. Seven such receipts were produced and Burns paid them forthwith. The remaining three receipts were never found, and Burns refused to pay for the goods represented by them. It would serve no purpose to detail the testimony pro and con as to the delivery and nondelivery of these three shipments, none of which was conclusive, or even satisfactory. We believe the interests of justice would best be served by producing certain testimony which was entirely disregarded. It appeared that plaintiff had an exclusive sales agent, whose name appears in the record as Matworth Corporation. This agent kept the records on sales and plaintiff apparently had no record of any transaction until Matworth submitted to it a bill from which plaintiff made up a voucher. Just what the procedure was as regards delivery documents was not shown. No witness having knowledge of these facts testified. If, as might be suspected, these records were handled by Matworth, the person in charge should be able to testify whether a receipt from Burns ever existed, and what records substantiate that claim. With that testimony, the highly speculative outcome of this case would rest on a more certain base. Concur — Botein, P. J., Steuer and McNally, JJ.; Capozzoli and Tilzer, JJ., dissent in the following memorandum by Tilzer, J.: I dissent and would affirm the judgment in favor of the plaintiff in the sum of $12,520.06. The trial court found that "I do not believe anything" that the secretary of the defendant said, that the book kept by the deceased Al Burns showing in pencil the daily receipts of merchandise by the defendant contained crucial blank spaces, crucial erasures and entries in reverse chronological order (the book was ordered impounded), and concluded that the evidence established that the merchandise was delivered and received by the defendant. (*Amend* v. *Hurley,* 293 N. Y. 587, 594.)